# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

CIVIL ACTION NO. 17-71-DLB

WILLIE RICHARDSON                                                            PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

S. BUTLER, Warden                                                    RESPONDENT

\* \* \*\* \*\* \*\* \*\* \*\*

Inmate Willie Rayshaun Richardson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In October 2008, a jury found Richardson guilty of conspiring to traffic in cocaine-base in and around Grand Rapids, Michigan. Six months later he was sentenced to 360 months imprisonment for violating 21 U.S.C. §§ 841, 846. *United States v. Richardson*, No. 1:08-CR-65-RJJ (W.D. Mich. 2008). In his present petition, Richardson contends that his confinement is illegal because the federal government lacks "territorial jurisdiction" over state-owned lands within the United States, and Michigan did not cede nor did the United States accept jurisdiction over the land where he committed his crimes. (Doc. # 1 at 2) (citing *Adams v. United States*, 319 U.S. 312 (1943)).

The Court must deny Richardson's petition for two reasons. First, his challenge to the trial court's jurisdiction to convict and sentence him is one which he could and must have brought at trial, on direct appeal, or in an initial motion under 28 U.S.C. § 2255.

*Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). He may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F.App'x 317, 320 (6th Cir. 2001). Because "the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255[,]" *Hayes v. Holland*, 473 F.App'x 501, 501-02 (6th Cir. 2012), Richardson's jurisdictional attack is one which he must pursue under § 2255, not § 2241.

Second, Richardson's claim is without merit. Only a small subset of federal crimes must by their terms be committed on federal lands, which is to say "within the ... territorial jurisdiction of the United States." 18 U.S.C. § 1111(b) (commission of murder on federal lands). Territorial jurisdiction includes "lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof." 18 U.S.C. § 7(3). *See also United States v. Gabrion*, 517 F.3d 839, 845 n.5 (6th Cir. 2008). Because the language of sections 841 and 846 of Title 21, United States Code, is not limited to offenses committed within the "territorial jurisdiction" of the United States, Richard's argument is misplaced.

Nor is there any doubt that federal authorities possessed jurisdiction to prosecute Richardson for his offenses. In most cases the criminal statute is not limited to offenses committed within the "territorial jurisdiction" of the United States. Absent such restricting language, the Judiciary Act of 1789 granted federal trial courts jurisdiction over "all crimes and offences that shall be cognizable under the authority of the United States." Many modern criminal statutes were enacted by Congress pursuant to its authority under the

Commerce Clause, U.S. Const. Art. 1, Sec. 8, Cl. 3. *United States v. Lopez*, 514 U.S. 549, 630 (1995) (Breyer, J., dissenting). The statute under which Richardson was convicted, 21 U.S.C. § 846, is one of them. *See* 21 U.S.C. § 801(3). And the Supreme Court has held that the Controlled Substances Act, which includes 21 U.S.C. §§ 841, 846, is a valid exercise of Congress' authority under the Commerce Clause. *Gonzales v. Raich*, 545 U.S. 13-17 (2005). *See also United States v. Collier*, 246 F.App'x 312, 337 (6th Cir. 2007) ("Whether on its face or as applied to Defendant, 21 U.S.C. § 841(a)(1) does not violate the Commerce Clause."). Because the United States possessed jurisdiction to prosecute Richardson for federal offenses committed on state-owned land near Grand Rapids, Michigan, his petition is without merit.

Accordingly, **IT IS ORDERED** that:

(1) Petitioner Willie Rayshaun Richardson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 4th day of April, 2018.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\ProSe\Richardson 17-71-DLB Memorandum RBW.docx